TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Teri Clark

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Teri Clark, | Case No.: |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | **FOR VIOLATIONS OF:** |
| Monterey Financial Services, Inc., | **1. THE TELEPHONE CONSUMER PROTECTION ACT;** |
| Defendant. | **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| | **JURY TRIAL DEMANDED** |

Plaintiff, Teri Clark (hereafter "Plaintiff"), by undersigned counsel, brings the following first amended complaint against Monterey Financial Services, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.  This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2.  Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.  Plaintiff is an adult individual residing in Folsom, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5.  Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6.  Defendant is a business entity located in Oceanside, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

FIRST-AMENDED COMPLAINT

7.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to Defendant.

9.     Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

10.    At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11.    At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 916-XXX-1499 (hereafter "Number").

12.    Defendant placed calls to Plaintiff's Number in an attempt to collect a debt.

13.    The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

FIRST-AMENDED COMPLAINT

14.     When answering Defendant's telephone calls, Plaintiff was met with a Robocall, stating that Defendant was calling with regard to an urgent matter and demanding a return telephone call from Plaintiff within 48 hours.  The Robocall further stated that if Plaintiff failed to respond within 48 hours, further action would be taken.

15.     On or about November 23, 2015, Defendant called Plaintiff and spoke with her.  During that conversation, Plaintiff stated, among other things, that she had no relationship with Defendant; that she had been turned down by Defendant for credit; that she had received a turn down letter from Defendant; and that she had no signed contract with Defendant.  Plaintiff ultimately disconnected the call with Defendant.

16.     Plaintiff's statements and actions made it clear that she was not willing to accept further calls from Defendant at her Number and that further calls from Defendant were not welcome.

17.     Despite the foregoing, Defendant continued to call Plaintiff's Number using an ATDS and/or Robocalls at an annoying and harassing rate.

18.     Defendant's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration, and annoyance.

4

FIRST-AMENDED COMPLAINT

# COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

19.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

20.     The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so.  *See* 47 U.S.C. § 227(b)(1).

21.     Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Plaintiff, upon answering calls from Defendant, heard a Robocall, instructing her to return Defendant's call within 48 hours regarding an urgent matter.

22.     Defendant called Plaintiff's Number using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

23.     Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

24.     Plaintiff was harmed and suffered damages as a result of Defendant's actions.

5

FIRST-AMENDED COMPLAINT

25.    The TCPA creates a private right of action against persons who violate the Act.  *See* 47 U.S.C. § 227(b)(3).

26.    As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

27.    As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

28.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

29.    The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

30.    Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

31.    Defendant communicated with Plaintiff with such frequency as to be unreasonable, constituting harassment, in violation of Cal. Civ. Code § 1788.11(e).

32.    Defendant continued to place Robocalls to Plaintiff after Plaintiff made it clear that she was not willing to accept further calls from Defendant, in violation of Cal. Civ. Code § 1788.17.

FIRST-AMENDED COMPLAINT

33.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A.  Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B.  Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E.  Costs of litigation and reasonable attorneys' fees pursuant to Cal. Civ. Code § 1788.30(c);

F.  Punitive damages; and

G.  Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  July 6, 2016                          TRINETTE G. KENT

By:   _/s/  Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Teri Clark

FIRST-AMENDED COMPLAINT